Kemper Independence Ins. Co. v AB Med. Supply, Inc. (2020 NY Slip Op 06209)





Kemper Independence Ins. Co. v AB Med. Supply, Inc.


2020 NY Slip Op 06209


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 153707/18 Appeal No. 12229 Case No. 2020-02270 

[*1]Kemper Independence Insurance Company, Plaintiff-Appellant,
v
AB Medical Supply, Inc., et al., Defendants-Respondents, Impulse Imaging, P.C., et al., Defendants.


Goldberg, Miller & Rubin, P.C., New York (Eli Shmulik of counsel), for appellant.
The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 10, 2019, which denied as premature plaintiff's motion for summary judgment declaring that it is not obligated to reimburse defendants-respondents for no-fault claims submitted in connection with a motor vehicle accident, unanimously affirmed, without costs.
Plaintiff no-fault insurer failed to provide the injured claimant's assignees with the "specific objective justification" for its request that the injured claimant submit to an examination under oath (EUO) to establish proof of claim (11 NYCRR 65-3.5[e]; see American Tr. Ins. Co. v Jaga Med. Servs., P.C., 128 AD3d 441 [1st Dept 2015]). As the criteria by which plaintiff determined that an EUO was required constitute facts unavailable to defendants for use in opposing plaintiff's motion, the motion was premature (CPLR 3212[f]). Moreover, as the court noted, plaintiff moved for summary judgment before any depositions had been conducted (see e.g. Blech v West Park Presbyt. Church, 97 AD3d 443 [1st Dept 2012]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020